ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | |
|---|---|
| ETHELYN BERNIER VELÁZQUEZ<br><br>Peticionaria<br><br>v.<br><br>MITCHEL BERNIER RIVERA Y OTROS<br><br>Recurrida | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Número: GM2019CV00124<br><br>Sobre: División de Comunidad de Bienes |

KLCE202300236

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante este Tribunal la Sra. Ethelyn Bernier Velázquez (en adelante, "peticionaria") mediante el presente recurso de *certiorari*, y nos solicita que revoquemos la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Salinas, el 9 de febrero de 2023. En su dictamen, el foro de instancia denegó emitir una orden para obligar al demandado a firmar un formulario de la Administración del Seguro Social, mediante el cual prestaría su consentimiento para divulgar información referente a su estado económico.

Adelantamos que por los fundamentos a continuación, denegamos la expedición del auto de *certiorari*.

I.

El 25 de febrero de 2019 la peticionaria presentó una demanda contra su hermano Bernier Rivera (en adelante, "recurrido") para dividir la comunidad de bienes compuesta por ambos tras el fallecimiento de su padre el Sr. Mitchell Bernier de León. Por su parte, el recurrido reclamó ser el propietario de uno de los bienes inmuebles reclamados por la peticionaria. Además, sostuvo que tiene derecho a un crédito porque el causante no tenía los medios para levantar fondos, y que este en realidad

se apropió de sus fondos los cuales figuran en un certificado de depósito a nombre del causante.

Como parte de las controversias trabadas en este caso se cuestionó la capacidad económica del causante y del recurrido, por lo que las partes han generado descubrimiento de prueba sobre estos particulares. Entre estos, la peticionaria solicitó al Tribunal de Primera Instancia que emitiera una orden para descubrir información financiera de la Administración del Seguro Social. Por su parte, el recurrido se opuso a dicha solicitud puesto que la petición de descubrimiento atropellaba los derechos de privacidad y confidencialidad que le cobijan bajo el derecho federal.

El foro de instancia celebró una vista evidenciaria en la que otorgó la orden dirigida a descubrir información sobre el seguro social. La peticionaria intentó obtener dicha información, pero fue informada por la Administración del Seguro Social que sin el consentimiento voluntario del recurrido no sería posible divulgar lo solicitado, y que para ello debía obtener una orden del tribunal mediante la cual se requiriera la firma del recurrido. El Tribunal de Primera Instancia declaró no ha lugar la petición de dicha orden. La peticionaria presentó una moción de reconsideración, la cual fue nuevamente declarada no ha lugar por el Tribunal de Primera Instancia.

Inconforme, la peticionaria acude ante el Tribunal de Apelaciones bajo el supuesto de que la denegatoria del foro de instancia representa una violación al debido proceso de ley, y señala que el Tribunal de Primera Instancia cometió los siguientes errores:

> Erró el TPI al emitir resolución de "Sin Lugar" a la orden solicitada para descubrir evidencia pertinente y determinante para resolver el caso, conforme la forma recomendada por la Administración del Seguro Social.

> Erró el TPI al violentar el derecho al debido proceso de ley procesal de la aquí recurrente, al emitir resolución que le coarta su derecho a descubrir evidencia determinante en este caso, en contraste y de manera desigual al descubrimiento permitido al recurrido, menoscabando su interés propietario.

> Erró el TPI al no considerar probados ciertos hechos que no permite el recurrido sean descubiertos, sin éste reclamar ningún privilegio reconocido por nuestras reglas de evidencia.

El recurrido presentó, el 10 de abril de 2023, su *Memorando en oposición a la expedición del auto de certiorari*.

**II.**

El auto de *certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723 (2016). En esencia consiste en un recurso extraordinario caracterizado por que descansa en la discreción del tribunal para su expedición, la cual no es irrestricta. *IG Builders v. BBVAPR*, 185 DPR 307 (2012). El tribunal tiene discreción para atender el asunto planteado, bien sea para expedir o denegar el auto. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Sobre este particular, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LRPA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones interlocutorias del Tribunal de Primera Instancia será expedido cuando se recurra de la denegatoria de una moción de carácter dispositivo u alguna orden bajo las Reglas 56 y 57. Además, mediante este recurso se pueden "revisar órdenes o resoluciones interlocutorias del Tribunal de Primera Instancia sobre admisibilidad de testigos o peritos, asuntos sobre privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o en cualquier otra situación que esperar constituiría un fracaso irremediable de la justicia. *Id.* A esos efectos, el primer examen para que un recurso de *certiorari* sea expedido es que tenga cabida bajo uno de los escenarios contemplados en la Regla 52.1.

Superada esta primera etapa, procede examinar si se justifica nuestra intervención a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40. Recuérdese que es un recurso que depende de la discreción del tribunal revisor. Los criterios que justifican nuestra intervención son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por *fracaso irremediable de la justicia*, el Tribunal Supremo ha señalado que se trata de las siguientes circunstancias: cuando la decisión interlocutoria afecta perjudicialmente el trámite judicial, lo cual tiene la posibilidad práctica de tornar dicha determinación inapelable; cuando afecte la prerrogativa de alguna parte en seleccionar su abogado de predilección; cuando la determinación interlocutoria de ser errónea conllevaría la eventual revocación de la determinación de instancia. S. Steidel Figueroa, *Controversias en el ordenamiento procesal civil: A propósito del seminario de procedimiento civil*, 47 Rev. Jur. UIPR 793, 802-03 (2013), *que cita a Job Connection Center Inc. v. Supermercados Econo Inc.*, 185 DPR 585 (2012). "Tal escenario podría configurarse cuando la determinación interlocutoria tiene alguna consecuencia sustancial y directa en la resolución de las controversias de un caso". *Id.* en la pág. 803. El Tribunal Supremo, en *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 186 (2020), señaló que esta disposición obedece el principio de economía procesal, de manera que no se retrase aún más y de forma innecesaria la adjudicación de las controversias medulares de un caso.

Por lo tanto, la discreción judicial no opera en el vacío. En etapa de revisión judicial es norma reiterada que el Tribunal de Apelaciones no habrá de intervenir con el ejercicio de discreción del Tribunal de Primera

Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012) (*citando a Lluch v. Espana Service Sta.*, 117 DPR 729, 745 (1986). Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido, por tanto, debemos ejercer nuestra discreción para evaluar si, a la luz de estos criterios, se requiere nuestra intervención. Si no fuera así, procede que nos abstengamos de expedir el auto, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**III.**

De ordinario, el descubrimiento de prueba es amplio y liberal, por lo cual las Reglas de Procedimiento Civil permiten que se descubra todo aquello que sea pertinente al pleito pendiente siempre que no sea privilegiado. 32 LPRA Ap. V, R. 23.1; *Sierra v. Tribunal Superior*, 81 DPR 554 (1959). Sin embargo, son los foros primarios los llamados a regular el descubrimiento de prueba, para cuyo ejercicio gozan de amplia discreción. *Rivera y otros v. Bco Popular*, 152 DPR 140, 154-55 (2000). El Tribunal de Apelaciones no debe intervenir con dicha discreción, salvo prejuicio, parcialidad o error manifiesto. *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 659 (2021). El descubrimiento de prueba está limitado por (1) información privilegiada y (2) aquella que no sea pertinente a la controversia. *Id.*

**IV.**

En este caso, la peticionaría no ha logrado demostrar que se justifica la intervención del Tribunal de Apelaciones. Según antes expuesto, el auto de *certiorari* es un recurso extraordinario que procede interlocutoriamente en determinados casos. La peticionaria no demostró que su caso se encuentra entre los escenarios contemplados por la Regla 52.1. En efecto, la *Resolución* aquí en disputa no versa sobre ninguna de las materias revisables interlocutoriamente.

Es evidente que tampoco están presentes circunstancias de fracaso irremediable de la justicia que amerite nuestra intervención. Por lo cual, tampoco procede la expedición según los criterios establecidos por la Regla 40 del Reglamento del Tribunal de Apelaciones. La controversia planteada sobre el descubrimiento de prueba fue dictada dentro del marco de discreción del Tribunal de Primera Instancia. La peticionaria no demostró que dicha *Resolución* causa un fracaso irremediable de la justicia. Recuérdese que el foro de instancia controla esta etapa del procedimiento, y según surge del expediente, las partes han tenido amplia oportunidad para celebrar el descubrimiento de prueba. Ante la falta de prejuicio, parcialidad o error manifiesto, no nos compete intervenir en el manejo del caso, razón por la cual denegamos la expedición del recurso.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones